IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOJACK DISTRIBUTORS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>HARBOR FREIGHT TOOLS USA, INC.<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 2:21-cv-00192<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MoJack Distributors, LLC ("Plaintiff" or "MoJack") files this Complaint for Patent Infringement against Defendant Harbor Freight Tools USA, Inc. ("Defendant" or "Harbor Freight"), and states as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Kansas, having its principal place of business at 3535 North Rock Road, Suite 3000, Wichita KS 67226.

2. Defendant Harbor Freight Tools USA, Inc. ("Defendant" or "Harbor Freight") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 26677 Agoura Road, Calabasas, CA 91302-1959.  Defendant may be served with process through its registered agent, Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, TX  77056.

**JURISDICTION AND VENUE**

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has personal jurisdiction over Defendant because Defendant has minimum contacts with the State of Texas and has purposefully availed itself of the privileges of conducting business in the State of Texas.  By way of example, Defendant maintains a registered agent in the State of Texas; Defendant owns and operates numerous retail stores in the State of Texas from which it sells infringing products in the State of Texas and this Judicial District; and/or Defendant has manufactured or caused to be manufactured infringing products and either distributed them in this judicial district or provided them to intermediaries for distribution throughout the United States, including in the State of Texas and this judicial district, with knowledge of this distribution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant has committed acts of infringement in and has a regular and established place of business in this Judicial District.  For example, upon information and belief, Defendant owns and operates numerous retail stores in the State of Texas from which it sells infringing products in the State of Texas and this Judicial District, including a retail store located at 1201 E. Grand Ave., Marshall, TX  75670.

## FACTUAL BACKGROUND

*The Patents in Suit*

6. MoJack is the owner by assignment of all right, title, and interest in and to United States Patent No. 9,359,179, entitled "Methods and Apparatuses for a Small Vehicle Jack Apparatus" ("the '179 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the United States Patent and Trademark Office ("USPTO").

7. MoJack is also the owner by assignment of all right, title, and interest in and to United States Patent No. 8,814,141, also entitled "Methods and Apparatuses for a Small Vehicle Jack Apparatus" ("the '141 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the United States Patent and Trademark Office ("USPTO").

8. MoJack is a manufacturer and distributor of products, including products embodying the claims of the '179 and '141 patents.

9. MoJack has properly marked with the '179 and '141 patent numbers all products it has sold or distributed embodying the '179 and/or '141 patents.

10. A true and correct copy of the '179 patent is attached hereto as Exhibit A. The '179 patent is incorporated herein by reference.

11. The '179 patent is presumed valid and enforceable and directed to patent-eligible subject matter.

12. A true and correct copy of the '141 patent is attached hereto as Exhibit B. The '141 patent is incorporated herein by reference.

13. The '141 patent is presumed valid and enforceable and directed to patent-eligible subject matter.

## COUNT I – INFRINGEMENT OF THE '179 PATENT

14. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

15. Defendant has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '179 patent.

16. For example, Defendant infringes at least claim 1 of the '179 patent, either literally or under the doctrine of equivalents, in connection with Defendant's Harbor Freight / Pittsburgh Automotive 300 lb High Lift Riding Mower / ATV Jack 61523 and similar products, as detailed in the preliminary claim chart attached hereto as Exhibit C and incorporated herein by reference.

17. Defendant's infringing activities are and have been without authority or license under the '179 patent.

18. Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '179 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

19. Prior to the filing of this action, Defendant had actual or constructive notice of the '179 patent.

20. Defendant has continued to infringe the '179 patent despite this notice.

21. Plaintiff is now suffering, and will continue to suffer, irreparable injury to its business as a result of Defendant's infringement of the '179 patent; that injury outweighs any potential harm to Defendant; and granting an injunction would serve the public interest in protecting the rights of inventors and patent holders. As a result, Defendant should be permanently enjoined from future infringement of the '179 patent.

## COUNT II – INFRINGEMENT OF THE '141 PATENT

22. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

23. Defendant has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '141 patent.

24. For example, Defendant infringes at least claim 1 of the '141 patent, either literally or under the doctrine of equivalents, in connection with Defendant's Harbor Freight / Pittsburgh Automotive 300 lb High Lift Riding Mower / ATV Jack 61523 and similar products, as detailed in the preliminary claim chart attached hereto as Exhibit D and incorporated herein by reference.

25. Defendant's infringing activities are and have been without authority or license under the '141 patent.

26. Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '179 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

27. Prior to the filing of this action, Defendant had actual or constructive notice of the '141 patent.

28. Defendant has continued to infringe the '141 patent despite this notice.

29. Plaintiff is now suffering, and will continue to suffer, irreparable injury to its business as a result of Defendant's infringement of the '141 patent; that injury outweighs any potential harm to Defendant; and granting an injunction would serve the public interest in protecting the rights of inventors and patent holders.  As a result, Defendant should be permanently enjoined from future infringement of the '141 patent.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '179 patent;

B. Entry of judgment that Defendant has infringed one or more claims of the '141 patent;

C. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty;

D. Entry of judgment that this case is exceptional, and that Plaintiff be awarded all of its costs, expenses, and attorney's fees incurred in connection with this action;

E. Pre-judgment and post-judgment interest on the damages assessed, and

F. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 1st day of June, 2021.

*/s/Daniel A. Kent*
Daniel A. Kent
  dankent@kentrisley.com
  Tel:  (404) 585-4214
  Fax:  (404) 829-2412
Stephen R. Risley
  steverisley@kentrisley.com
  Tel:  (404) 585-2101
  Fax:  (404) 389-9402
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff
